UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| In the Matter of: | § | BK CASE NO. 18-82774-CRJ-13 |
| --- | --- | --- |
| | § | |
| LINDA HILL | § | CHAPTER 13 |
| SSN: XXX-XX-0768 | § | |
| | § | |
| Debtor | § | |

| LINDA HILL | § | AP CASE NO. 19-80011-CRJ-13 |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BANK OF AMERICA and | § | |
| CARRINGTON MORTGAGE SERVICES, LLC | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OF LAW REGARDING THE AUTHORITY OF THE COURT
TO ENTER FINAL ORDERS AWARDING PUNITIVE DAMAGES
UNDER THE BANKRUPTCY CODE**

Carrington Mortgage Services, L.L.C. ("Carrington") and Bank of America, N.A. ("BOA"), through undersigned counsel, hereby file this Memorandum of Law Regarding the Authority of the Court to Enter Final Orders Awarding Punitive Damages Under the Bankruptcy Code (the "Memorandum"), as required by that certain Order Requiring Brief Regarding the Authority of the Court to Award Punitive Damages Under the Bankruptcy Code [Doc. No. 13] (the "Order").

**INTRODUCTION**

The Courts of Appeal long have been divided on whether Article I bankruptcy courts have the power to impose punitive contempt sanctions because they implicate fundamental due process

protections the bankruptcy courts cannot provide.[1] The majority of the Courts of Appeal that have addressed the issue have held that bankruptcy courts lack the power to impose punitive sanctions, usually in the context of contempt powers under Bankruptcy Code § 105(a).[2] The due process concerns the appellate courts have expressed in the § 105(a) context apply with equal force to § 362(k).[3] Those concerns support the view that a fixed award of punitive damages for a prior violation of the automatic stay is a criminal contempt sanction that an Article I bankruptcy court may not impose through a final order absent the explicit consent of an Article III district court and the parties to the contempt proceeding.

Separately, *Stern v. Marshall*[4] teaches that Congress may not by statute grant powers to the bankruptcy courts if the Constitution does not authorize those powers.[5] *Stern* requires consideration of whether the Constitution authorizes Article I bankruptcy courts to issue final orders imposing punitive (criminal) sanctions. If the Constitution does not provide such authority, then, notwithstanding § 362(k) of the Bankruptcy Code, bankruptcy courts may not issue such final orders.

---

[1] While there is a broad consensus that bankruptcy courts have the power to adjudicate ***civil*** contempt and impose ***compensatory*** sanctions in a wide variety of factual and procedural contexts, criminal contempt proceedings (which is characterized by the imposition of punitive sanctions) activate due process protections that Article I courts lack to power to afford.

[2] *See* Hon. Frank J. Bailey and Dominic A. Litz, *In This Issue: Dicta, Are Bankruptcy Courts Sanctioned to Sanction?,* 39 Am. Bankr. Inst. J. 50 (Apr. 2018) (hereinafter, "*Bankruptcy Court Sanctions*"); *In re Dyer*, 322 F.3d 1178, 1193 n. 15 (9th Cir. 2003) (collecting cases from both sides of the circuit split). The 11th Circuit has not addressed this precise issue directly. *Cf. In re McLean,* 794 F.3d 1313 (11th Cir. 2015); and *In re Jove Eng'g, Inc.,* 92 F.3d 1539, 1554, 1557-59 (11th Cir. 1996).

[3] "The proposition that due process prevents a bankruptcy court from imposing serious punitive sanctions under the contempt authority of § 105(a) for an automatic stay violation has been portrayed as being in tension with the bankruptcy court's authority to impose punitive damages under § 362(h) [now § 362(k)]. *See Cox v. Delaware, Inc.,* 239 F.3d 910, 916 (7th Cir. 2001) (so stating)." *Dyer, supra,* 322 F.3d at 1194. "It is true that 362(h) of the Bankruptcy Code expressly authorized an award of punitive damages for the willful violation of the statutory injunction created by section 362 (the automatic stay), and *it has been assumed* the bankruptcy judges can enforce that subsection as well as the rest of section 362. … We can save the issue of the bankruptcy judges' criminal-contempt powers for another day." *Cox, supra,* 239 F.3d at 917 (emphasis added).

[4] ___ U.S. ___, 131 S. Ct. 2594, 180 L.Ed. 2d 475 (2011).

[5] Claims governed by *Stern* are those "designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." *Wortley v. Bakst,* 844 F.3d 1313, 1318 (11th Cir. 2017) (*quoting Stern*).

2

## PROCEDURAL HISTORY

In this adversary proceeding, Plaintiff seeks punitive damages against Carrington and BOA under § 362(k) of the Bankruptcy Code. *See* Complaint at ¶ 18 [Doc. No. 1 at p. 4]. In their Answer to the Complaint, Carrington and BOA asserted the following affirmative defense:

### FORTY-FIRST AFFIRMATIVE DEFENSE

> Plaintiff's claims for punitive damages are barred because, although 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and 11 U.S.C. § 362(k) grant the bankruptcy courts authority to impose punitive damages for willful violations of the automatic stay of 11 U.S.C. § 362(a), as non-Article III courts, the bankruptcy courts lack authority under the United States Constitution to adjudicate and impose punitive damages, which are penal and criminal in nature, without the express or implied consent of Carrington and BOA, which consent is hereby specifically withheld. *Wellness Int'l Network, Ltd. v. Sharif,* 135 S. Ct. 1932 (2015); *Stern v. Marshall,* 131 S. Ct. 2594 (2011).

*See* Answer, Forty-First Affirmative Defense (the "Affirmative Defense") [Doc. No. 7 at p. 14].

At the status conference held on March 20, 2019 [Doc. No. 8], the Court ordered Carrington and BOA to file a brief addressing the basis for the Affirmative Defense. *See* Order. Prior to the status conference, Plaintiff filed an Amended Complaint [Doc. No. 11]. Subsequent to the status conference and to the entry of the Order, Carrington and BOA filed their Answer to Debtor's Amended Complaint [Doc. No. 19] (the "Amended Answer"). The Amended Answer does not assert the Affirmative Defense.[6]

This is the Memorandum the Court ordered Carrington and BOA to file.

## DISCUSSION

**1. Nature of the Automatic Stay**

The automatic stay of § 362(a) is, in essence, "a specific and definite order of the court"

---

[6] The Amended Answer maintains all of the other affirmative defenses relative to punitive damages at issue in this Adversary Proceeding.

3

2267982.3

that acts as an injunction.[7] Like violations of any injunction, a stay violation "is punishable as contempt of court."[8]

2. **Civil v. Criminal Contempt Sanctions**

Sanctions for contempt violations may be either civil or criminal in nature. "The purpose of civil contempt sanctions is to (1) compensate the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the court order."[9] Sanctions which vindicate some public interest, and those which the contemnor does not have the ability to purge (to control the extent of the sanction), are criminal in nature.[10] A fixed award of punitive damages for a past violation of the automatic stay, therefore, is a criminal sanction because it serves the general public interest of deterring future violations of the automatic stay more that it serves the movant's particular interest and because the contemnor cannot purge itself of the sanction.[11]

The imposition of criminal contempt sanctions activates specific due process protections: "[D]ue process requires that individuals accused of criminal contempt receive several procedural protections, including a jury trial, before 'serious criminal penalties' can be imposed."[12] An alleged contemnor must be "presumed innocent, proved guilty beyond a reasonable doubt,…[and] afforded a jury trial for serious contempts."[13]

---

[7] *Dyer, supra,* 322 F.3d at 1191-92.
[8] *In re L.H. & A. Realty, Inc.,* 62 B.R. 910, 917-18 (Bankr. D. Vt. 1986); 3 Collier on Bankruptcy ¶ 362.12[2] (16th ed. Apr. 2019) (*citing Jove Eng'g, supra*).
[9] *Jove Eng'g, supra,* 92 F.3d at 1557. Sanctions imposed for civil contempt to coerce compliance may not be so excessive as to be punitive in nature. *Id.* at 1558. *Accord, McLean, supra,* 794 F.3d at 1323.
[10] *Jove Eng'g, supra,* 92 F.3d at 1558.
[11] *Id.* at 1559.
[12] *Dyer, supra,* 322 F.3d at 1194, *citing F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1138 (9th Cir. 2001), and *Int'l Union, U.M.W. of America v. Bagwell,* 512 U.S. 821, 833 (1994).
[13] *McLean, supra,* 794 F.3d at 1324.

4

3. **Bankruptcy Courts Lack the Authority to Issue Final Orders in Criminal Contempt Proceedings**

   *A. Bankruptcy Courts Cannot Provide the Due Process Protection Requireds to Impose Criminal Contempt Sanctions.*

Bankruptcy courts lack the essential attributes, and may not exercise the full judicial powers, of Article III courts. For example, bankruptcy courts cannot preside over jury trials without the explicit consent of the district court and the trial parties.[14] Because bankruptcy courts lack the power to provide all of the due process protections defendants in criminal contempt proceedings must be afforded, it follows that bankruptcy courts may not enter final orders imposing criminal punitive damages under § 362(k).

   *B. Criminal Contempt Proceedings Are Not Core Proceedings.*

Bankruptcy courts may issue final orders only in "core" proceedings. Core proceedings are (i) proceedings in cases under title 11, (ii) proceedings arising in cases under title 11 and (iii) matters arising under title 11.[15] It long has been recognized that civil contempt proceedings arising from core bankruptcy court matters are core as well.[16] However, a criminal contempt proceeding for a violation of a bankruptcy court order is not itself a "core" proceeding in a case under title 11 because punitive contempt proceedings are separate and independent matters which may be prosecuted after the underlying title 11 case has concluded.[17]

---

[14] 28 U.S.C. § 157(e); *Matter of Hipp, Inc.,* 895 F.2d 1503 (5th Cir. 1999).
[15] 28 U.S.C. § 157(b).
[16] *See, e.g., L.H. & A. Realty, supra.*
[17] *Hipp, supra,* 895 F.2d at 1518 (while civil contempt orders arguably are core because they are inseparable from the underlying core proceedings, criminal contempts are separate and independent proceedings which can be prosecuted even after the underlying proceeding has wholly terminated, such that a criminal contempt for violation of a bankruptcy court order is not a "core" proceeding); *accord, In re Hake,* 2006 Bankr. LEXIS 2428 at * 9-10 (6th Cir. BAP, Oct. 3, 2006).

### C. Stern *Precludes Bankruptcy Courts from Entering Final Orders in Criminal Contempt Proceedings*

Regardless of whether criminal contempt proceedings under § 362(k) are core matters, *Stern* requires a further analysis and consideration of whether the bankruptcy courts may enter final orders granting punitive sanctions. While Congress may pass a statute designating a proceeding as "core", it may not vest the bankruptcy courts with a power the Constitution does not authorize, or a power that violates other constitutional protections. That is *Stern's* essence:

> The bankruptcy court is not a tribunal provided for in Article III of the Constitution. As such, there are limits on the power of Congress to direct what matters may be subject to final orders and judgments in the bankruptcy court. *Stern v. Marshall,* 131 S. Ct. 2594, 2608-20, 180 L. Ed. 2d 475 (2011). *The proceedings described as core in 28 U.S.C. § 157(b) could include matters in which the bankruptcy court may not enter final orders or judgments consistent with the limits of Article III, absent consent of the parties. Id.* Thus, to determine whether a particular proceeding may be subject to entry of a final order or judgment in the bankruptcy court, it is necessary to determine whether the proceeding is a core proceeding within the meaning of section 157(b), and also whether entry of such final order or judgment would exceed the limits imposed by Article III of the Constitution. *Id.*[18]

Arguably, Congress granted "core" status to punitive damages proceedings in § 362(k) such that, under § 157(b), the bankruptcy courts may "hear and determine" and may issue final orders in such proceedings.[19] But the due process protections afforded those facing criminal (punitive) contempt sanctions require a *Stern* examination as to whether that statutory grant is constitutional.

The prevailing trend in the development of bankruptcy law has been to restrict, rather than expand, the bankruptcy courts' contempt authority.[20] One district court recently agreed with the

---

[18] *In re Gladstone,* 513 B.R. 149, 154 (Bankr. S.D. Fla. 2014) (emphasis added); *see also Wortley, supra,* 844 F.3d at 1318.
[19] 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate").
[20] *PHH Mortgage Corp. v. Sensenich,* 2017 U.S. Dist. LEXIS 207801 at *18-19 (D. Vt., Dec. 18, 2017).

6

2267982.3

Case 19-80011-CRJ   Doc 22   Filed 04/01/19   Entered 04/01/19 15:40:24   Desc Main
Document      Page 6 of 8

majority of circuit court opinions on the issue. That court vacated a bankruptcy court's $300,000.00 punitive sanctions award, issued under § 105(a) and the bankruptcy court's inherent authority, against a mortgage servicer for violating Bankruptcy Rule 3002.1, because such an award "exceeded the scope of the Bankruptcy Court's powers".[21] Because § 362(k) implicates those very same concerns, the same result should apply.

4. **Carrington and BOA Do Not Consent to the Entry of Final Orders**

*Wellness Int'l Network, Ltd. v. Sharif*[22] instructs that bankruptcy litigants may consent, explicitly or implicitly, to final adjudication by bankruptcy courts over claims that are non-core or that are governed by *Stern*.[23] Carrington and BOA do not so consent.

### CONCLUSION

In sum, absent consent, bankruptcy courts may not enter final orders imposing punitive damages under § 362(k) for automatic stay violations if those damages amount to criminal contempt sanctions, because such final orders may be entered only by the Article III district courts.

Respectfully submitted, this 1st day of April, 2019.

/s/ *Christopher A. Bottcher*
Christopher A. Bottcher (BOT003)
T. Dylan Reeves (REE068)
Attorneys For Bank of America and Carrington Mortgage Services, LLC

**OF COUNSEL:**
McGlinchey Stafford
505 North 20th Street, Suite 800
Birmingham, AL 35203
(205) 725-6400 (telephone)
(205) 623-0810 (facsimile)
cbottcher@mcglinchey.com
dreeves@mcglinchey.com

---

[21] *Id.* at *13-24; *see also Bankruptcy Court Sanctions, supra*, n. 1.
[22] ___ U.S. ___, 135 S. Ct. 1932, 1941-42, 191 L. Ed 2d 911 (2015).
[23] *Wortley, supra*, 844 F.3d at 1318 (*Wellness* holds "that, under Article III, litigants may validly consent to adjudication by bankruptcy courts over claims governed by" *Stern*).

## CERTIFICATE OF SERVICE

   I hereby certify that I filed the foregoing with the Clerk of the Court electronically through the CM/ECF system on April 1, 2019, which will send notification of this filing to the following:

John C. Larsen
Larsen Law P.C.
1733 Winchester Road
Huntsville, AL 35811

                */s/ Christopher A. Bottcher*
                Christopher A. Bottcher

8

2267982.3

Case 19-80011-CRJ Doc 22 Filed 04/01/19 Entered 04/01/19 15:40:24 Desc Main
Document Page 8 of 8