UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of:<br><br>LINA HILL<br>SSN: XXX-XX-0768<br><br>Debtor. | Case No. 18-82774-CRJ-13<br><br>Chapter 13 |
| LINA HILL<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA and<br>CARRINGTON MORTGAGE<br>SERVICES, LLC<br><br>Defendants. | AP No. 19-80011-CRJ-13 |

**ORDER TO SHOW CAUSE WHY SANCTIONS
SHOULD NOT BE IMPOSED AGAINST DEFENDANTS
PURSUANT TO BANKRUPTCY RULE 9011(b)(2)**

On March 21, 2019, the Court entered an Order Requiring Brief Regarding the Authority of the Court to Award Punitive Damages under the Bankruptcy Code, ECF No. 13, directing Bank of American and Carrington Mortgage Services, LLC (collectively, the "Defendants") to file a brief regarding their challenge under the United States Constitution and under the Constitution of the State Alabama to the Court's authority pursuant to 11 U.S.C. § 362(k) of the Bankruptcy Code to award punitive damages and to the applicability of the Supreme Court's decisions in *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Wellness Int'l Network, LTD v. Sharif*, 135 S. Ct. 1932 (2015) to 11 U.S.C. § 362(k).

On March 25, 2019, the Defendants filed an Answer to Debtor's Amended Complaint, ECF No. 19, pursuant to which the Defendants continue to assert that the Plaintiff's Complaint fails to

state a cause of action to the extent the Plaintiff seeks punitive damages. *See* Affirmative Defenses (Twelfth – Fortieth) in which the Defendants assert affirmative defenses of unconstitutionality pursuant to the United States Constitution and under the Constitution of the State of Alabama.

On April 1, 2019, the Defendants filed a Memorandum of Law Regarding the Authority of the Court to Enter Final Orders Awarding Punitive Damages under the Bankruptcy Code, ECF No. 22 ("Memorandum of Law"). On May 6, 2019, this Adversary Proceeding came before the Court for Status Conference on the issue punitive damages. During the hearing, the Court issued an oral ruling finding, in part, that the Defendants failed to cite any legal authority in their Memorandum of Law in support of their argument that the Plaintiff's claims for punitive damages cannot be upheld because *Stern* and *Wellness* preclude bankruptcy courts from entering final orders imposing punitive damages pursuant to § 362(k) despite substantial case law to the contrary.[1]

The Defendants are hereby placed on notice that the continued assertion of the Affirmative Defenses set forth above constitute grounds for potential Rule 9011 sanctions pursuant to Rule 9011(b)(2) of the Federal Rules of Bankruptcy Procedure as defenses and legal contentions that are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that counsel for the Defendants are ordered to appear on **June 3, 2019** at **2:30 p.m.** before the Honorable Clifton R. Jessup, Jr. at the **United States Bankruptcy Court, 400 Well Street, Decatur**, **AL 35601** and show cause why the continued assertion of affirmative defenses that the Court lacks constitutional authority to enter a final order awarding punitive damages pursuant to 11 U.S.C. § 362(k) does not violate Rule 9011(b)(2) as the defenses are not warranted by existing law or by a nonfrivolous argument for the modification of existing law or establishment of new law. The Court, on its own initiative, pursuant to Rule 9011(c)(1)(B) will consider whether sanctions should be imposed.

---

[1] *See WD Equip., LLC v. Cowen* (*In re Cowen*), 849 F.3d 943 (10th Cir. 2017)(explaining that a claim under § 362(k) for violating the automatic stay derives directly from the Bankruptcy Code); *Parker v. Credit Central South, Inc. (In re Parker)*, 634 Fed. Appx. 770 (11th Cir. 2015)(affirming a bankruptcy court's award of punitive damages pursuant to § 362(k)); *In re Johnson,* 580 B.R. 766 (Bankr. S.D. Ohio 2018)(finding that a claim under 11 U.S.C. § 362(k) for a violation of the stay derives directly from the Bankruptcy Code and necessarily stems from the bankruptcy itself); *In re Ludkowski*, 587 B.R. 330 (Bankr. N.D. Ill. 2018)(finding nothing in *Stern* and its progeny could reasonably be interpreted as an impediment to the bankruptcy court's authority to dispense with routine motions arising out of the Bankruptcy Code); *Calderon v. Bank of Am. (In re Calderon)*, 497 B.R. 558 (Bankr. E.D. Ark. 2013)(explaining that Congress implicitly assigned adjudication of § 362(k) actions to bankruptcy courts).

2

Case 19-80011-CRJ    Doc 30    Filed 05/07/19    Entered 05/07/19 16:06:24    Desc Main
Document      Page 2 of 3

**IT IS FURTHER ORDERED** pursuant to Rule 9011(c)(1)(B) that on or before **Wednesday, May 29, 2019** by **5:00 p.m., CDT** counsel for the Defendants are ordered to either file an Amended Answer withdrawing Affirmative Defenses (Twelfth – Fortieth) that challenge the constitutional authority of the Court to impose punitive damages pursuant to 11 U.S.C. § 362(k) in violation of Rule 9011(b)(2) or to file a Response citing legal authority and cases specific to 11 U.S.C. § 362(k) supporting the Defendants' creative legal arguments.

Dated this the 7th day of May, 2019.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge