UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| In the Matter of: | § | BK CASE NO. 18-82774-CRJ-13 |
|---|---|---|
| | § | |
| **LINDA HILL** | § | CHAPTER 13 |
| SSN: XXX-XX-0768 | § | |
| | § | |
| **Debtor** | § | |
| | § | |

| LINDA HILL | § | AP CASE NO. 19-80011-CRJ-13 |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **BANK OF AMERICA** and | § | |
| **CARRINGTON MORTGAGE SERVICES, LLC** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

BANK OF AMERICA N.A. ("BANA"), by and through undersigned counsel, hereby files this response to the Court's Order to Show Cause dated May 7, 2019 [ECF No. 30] (the "Order").[1]

## INTRODUCTION

BANA does not contest this Court's authority to enter an order awarding punitive damages pursuant to 11 U.S.C. §362(k) of the Bankruptcy Code if the Plaintiff meets her burden of proving that she was injured by a willful violation of the automatic stay by BANA. Contemporaneously with the filing of this response, BANA is filing an Amended Answer to Debtor's Amended Complaint (the "Amended Answer"). In its Amended Answer, BANA has either omitted or

---

[1] At the time of the filing of the answers which are the subject of the Court's Order, BANA was represented by current counsel for Carrington. However, prior to the entry of the Order, the Court granted a Joint Motion to Substitute Counsel [ECF No. 25] which allowed Kevin C. Gray to be substituted for Christopher A. Bottcher and Michael B. Odom as counsel for BANA.

amended Affirmative Defenses 12 through 40 in ECF No. 19 in an effort to make clear that it is not challenging this Court's authority to enter an order awarding punitive damages if the Plaintiff meets her burden of proof and that BANA is entitled to certain Constitutional protections in the event punitive damages are awarded. The relevant defenses in the Amended Answer are Affirmative Defenses 12 through 16.

## DISCUSSION

**1.     Defendants' Answer Was Filed in Good Faith**

When the counsel for BANA filed the Answer to Debtor's Amended Complaint [ECF No. 19] on behalf of both Defendants and omitted the Forty-First Affirmative Defense, it was done with the intention of withdrawing any claim that the Court lacked the authority to enter an order awarding punitive damages. Affirmative Defenses 12 through 40 in ECF No. 19 were intended only to raise and maintain Constitutional safeguards relating to punitive damages that have been recognized by the courts, and will be discussed below, and were not meant as an extension of the omitted Forty-First Affirmative Defense.

**2.     Affirmative Defenses 12-40 Were Warranted by Existing Law**

Affirmative Defenses 12 through 40 in ECF No. 19 were intended only to raise defenses related to recognized Constitutional safeguards pertaining to the appropriateness of the award of punitive damages in a particular case based on the facts, and not to challenge this Court's authority to award punitive damages. It is widely recognized that in determining whether a punitive damage award is appropriate, courts should apply the "guideposts" posited by the Supreme Court in BMW of N. Amer., Inc. v. Gore, 517 U.S. 559, 134 L. Ed. 2d 809, 116 S. Ct. 1589 (1996). See, e.g., In re Quinones Ocasio, 272 B.R. 815, 825 (2002). Pursuant to the guideposts, a court reviewing the appropriateness of a punitive damages award must evaluate the reprehensibility of the conduct; the

2

ratio between the compensatory and punitive damages; and the difference between the punitive damage award and the civil penalties imposed for comparable conduct.

In addition, the United States District Court for the Middle District of Alabama has recognized that an award of punitive damages may be excessive and potentially in violation of the Fourteenth Amendment of the United States Constitution. In <u>Cent. Miss. Credit Corp. v. Vaughn</u>, 555 B.R. 803 (2016), the District Court vacated an award of punitive damages of $50,000.00 where actual compensatory damages were only $1,500.00. In doing so, the District Court recognized:

> The amount of punitive damages a court may award, however, is limited by the Due Process Clause of the Fourteenth Amendment, which prohibits "grossly excessive or arbitrary punishments," and the Supreme Court has advised reviewing courts, in determining whether punitive damages are excessive, to consider, "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages awarded; and (3) the difference between the punitive damages awarded . . . and the civil penalties authorized or imposed in comparable cases."

555 B.R. 803 at 816-17 (quoting <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S. 408, 416, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

Affirmative Defenses 12 through 40 in ECF No. 19 were asserted in good faith to protect the Defendants' Constitutional rights as set forth in the cases cited above.

## **CONCLUSION**

By omitting the Forty-First Affirmative Defense from ECF No. 19, the counsel intended to withdraw any contention that this Court lacks the authority to enter an order awarding punitive damages. Any inference to the contrary from ECF No. 19 was not intentional. The Amended Answer, and specifically Affirmative Defenses 12 through 16 contained therein, is intended to make clear that BANA does not challenge this Court's authority to award punitive damages, but BANA does assert that it is entitled to certain Constitutional safeguards in the event punitive damages are awarded.

3

Respectfully submitted, this 29th day of May, 2019.

>/s/ *Kevin Gray*
>Kevin C. Gray
>Bradley Arant Boult Cummings LLP
>200 Clinton Avenue W, Suite 900
>Huntsville, AL 35801
>Tel. (256) 517-5100
>Fax (256) 517-5200
>E-mail: kgray@bradley.com
>
>*Counsel for Bank of America N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court electronically through the CM/ECF system on May 29, 2019, which will send notification of this filing to the following:

John C. Larsen
Larsen Law P.C.
1733 Winchester Road
Huntsville, AL 35811

>*/s/ Kevin C. Gray*
>Of Counsel

4